THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC d/b/a BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>XURONG ZHANG d/b/a KEPUHONGZAOYE, an unknown business entity; and JOHN DOES 1–10, unknown persons,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [30] MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Case No. 2:22-cv-00693-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Plaintiff DP Creations, LLC d/b/a Bountiful Baby's ("Bountiful Baby") Motion for Default Judgment and Permanent Injunction.[1] Bountiful Baby moves for default judgment and a permanent injunction against Defendant Xurong Zhang d/b/a Kepuhongzaoye ("Kepuhongzaoye"). For the reasons explained below, the court grants Bountiful Baby's motion.

## BACKGROUND[2]

Bountiful Baby is a Utah company that makes realistic baby dolls popularly known as "reborn dolls."[3] The company creates its dolls by taking 3D scans and professional photographs

---

[1] Mot. Default J. & Permanent Inj. ("Mot. Default J."), ECF No. 30, filed Oct. 15, 2023.

[2] The court accepts all well-pleaded factual allegations in the complaint as true for purposes of a motion for default judgment. *Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 157 (10th Cir. 2022); *see Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) ("After a default . . . , a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts."); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[3] Verified First Am. Compl. ("VFAC") ¶¶ 1, 4, ECF No. 8, filed Nov. 7, 2022.

of real infants and then using computer modelling and 3D printers to generate unique sculpted works such as a head, arm, or leg.[4] It then sells either complete doll kits or component parts.[5] Bountiful Baby considers the expertise needed to create the reborn dolls to be a protected trade secret.[6] To that end, Bountiful Baby sought and received federal copyrights for its sculptures.[7] At issue are three dolls—Joseph June, and Darren—that Bountiful Baby asserts are "among [its] well-known creations."[8]

Kepuhongzaoye is an unknown Chinese entity that sells doll sculptures on the online retailer Amazon.com, Inc. ("Amazon").[9] Bountiful Baby alleges that Kepuhongzaoye "produce[s], reproduce[s], and s[ells] reproductions of [its] valuable protected works without . . . consent" in violation of the Copyright Act.[10] Bountiful Baby further alleges that Kepuhongzaoye willfully infringed its copyrights when it sold and offered to sell unlawful copies of its protected works through eleven Amazon listings.[11] After Bountiful Baby submitted notices of infringement, Kepuhongzaoye submitted counter-notifications claiming that the take-down notices were invalid.[12]

---

[4] Decl. of Nevin Pratt in Support of Mot. for Default J. & Permanent Inj. ("Pratt Decl.") ¶¶ 4–5, ECF No. 32, filed Oct. 15, 2023.

[5] *Id.* at ¶ 13.

[6] *Id.* at ¶ 5.

[7] *See* VFAC ¶ 40 & Exs. 1–3, 5–10 (copyright registrations for the Joseph Asleep Head, Joseph Arms, Joseph Legs, June Awake Head, June Asleep/Awake Arms, June Asleep/Awake Legs, Darren Sleeping Head, Darren Awake/Asleep Arms, and Darren Awake/Asleep Legs).

[8] Pratt Decl. ¶ 8.

[9] VFAC ¶¶ 6–7.

[10] *Id.* at ¶¶ 41–42 (citing 17 U.S.C. §§ 106, 501)).

[11] *Id.* at ¶¶ 17, 22, 25.

[12] *Id.* at ¶ 44 & Ex. 18 (asserting in each counter-notification that it had "a good faith belief that the material identified in the Notice of Infringement[s] was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.").

Bountiful Baby brought suit for copyright infringement in October 2022.[13] Originally, it complained against a different defendant.[14] However, Bountiful Baby filed its Amended Complaint the next month, adding infringement claims against Kepuhongzaoye.[15] In March 2023, Bountiful Baby moved for default against the defendants because they failed to appear or otherwise timely respond.[16] The clerk of court then issued a default certificate.[17] Later, Bountiful Baby filed its motion seeking a default judgment and to permanently enjoin Kepuhongzaoye from further acts of copyright infringement.[18] Kepuhongzaoye has not responded to the motion or to Bountiful Baby's summons.[19]

## DISCUSSION

Bountiful Baby pursues three remedies. It moves the court to enter default judgment in the amount of $1,350,000. It seeks $19,836.42 in fees and costs. And it moves to permanently enjoin Kepuhongzaoye from further infringement. The court discusses each matter in turn.

### I.    Default Judgment

A plaintiff must overcome two hurdles to obtain a default judgment. It must first obtain a default certificate from the clerk of court. Under Rule 55(a) of the Federal Rules of Civil Procedure, the clerk "must enter the party's default" when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" and the plaintiff

---

[13] Compl., ECF No. 2, filed Oct. 28, 2022.

[14] *See id.* at ¶ 5 (Defendant Miao Jihong doing business as US-Amozon).

[15] VFAC ¶¶ 39–47.

[16] ECF No. 19, filed Mar. 24, 2023.

[17] ECF No. 20, filed Mar. 27, 2023.

[18] *See* Mot. Default J. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Bountiful Baby voluntarily dismissed Defendant Miao Jihong on October 4, 2023. *See* ECF No. 25.

[19] *See* ECF No. 18; Docket.

demonstrates such failure by affidavit.[20] The second hurdle concerns entry of default judgment. Should the plaintiff seek a sum certain or a sum "made certain by computation," the clerk must enter judgment under Rule 55(b)(1).[21] In all other instances, a plaintiff must apply to the court.

The court has an independent duty[22] to ensure that subject matter jurisdiction exists,[23] that it can assert personal jurisdiction over the defendant,[24] and that there is a sufficient basis in the pleadings for the requested relief.[25] "[E]ntry of a default judgment is committed to the sound discretion of the district court."[26]

Bountiful Baby properly served Kepuhongzaoye.[27] Because Kepuhongzaoye did not appear or otherwise defend, Bountiful Baby moved for entry of default.[28] The clerk of court subsequently entered a default certificate.[29] Bountiful Baby does not seek a sum certain or an amount made certain by computation.[30] For this reason, the court must decide if default judgment is proper by addressing jurisdiction and the asserted bases for relief.

---

[20] Fed. R. Civ. P. 55(a).

[21] Fed. F. Civ. P. 55(b)(1).

[22] *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997) ("The court [has an] 'affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986))).

[23] *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (citing *Textile Banking Co., Inc. v. Rentschler*, 657 F.2d 844, 850 (7th Cir. 1981)).

[24] *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).

[25] *Id.* at 762 (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

[26] *Tripodi*, 810 F.3d at 764.

[27] ECF No. 18; *see* ECF No. 12 (granting service by alternate means).

[28] ECF No. 19.

[29] ECF No. 20.

[30] *See* Mot. Default. J. 14 (asking the court to exercise its discretion and award statutory damages "of up to $150,000 per work").

## A.    Jurisdiction

The court must assure itself of subject matter jurisdiction and personal jurisdiction over the defendant before considering a plaintiff's claims. Under 28 U.S.C. § 1331, the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[31] Bountiful Baby alleges copyright infringement under federal law.[32] The court therefore has federal question jurisdiction.

The plaintiff carries the burden to show that the court can assert personal jurisdiction.[33] But where the issue is "based on pleadings (with attachments) and affidavits, that burden can be met by a prima facie showing."[34] "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."[35] Under Utah's long-arm statute, courts may "assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the . . . United States Constitution."[36] The first inquiry thus collapses into a constitutional due process analysis.[37]

Bountiful Baby contends the court can assert personal jurisdiction through Federal Rule of Civil Procedure 4(k)(2). This rule, commonly known as the federal long-arm statute,[38]

---

[31] 28 U.S.C. § 1331.

[32] VFAC ¶¶ 39–47 (claiming copyright infringement under 17 U.S.C. § 106 *et seq.*).

[33] *See Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1281 (10th Cir. 2020).

[34] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[35] *Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (citation omitted).

[36] Utah Code Ann. § 78B-3-201 (West 2023).

[37] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

[38] *See, e.g.*, *Hetronic Int'l, Inc. v. Hetronic Germany GmbH*, 10 F.4th 1016, 1030 (10th Cir. 2021), *cert. granted sub nom. Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 143 S. Ct. 398 (2022), *vacated and remanded on other grounds*, 600 U.S. 412 (2023).

"provides for federal long-arm jurisdiction if the plaintiff can show that the exercise of jurisdiction comports with due process."[39] Jurisdiction is proper if (1) the claim "arises under federal law," (2) "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction[,]" and (3) "exercising jurisdiction is consistent with the United States Constitution and laws."[40]

The first two requirements are not in dispute. Bountiful Baby's claims arise under federal copyright law. For the second requirement, the defendant shoulders the burden to identify a state where the suit should proceed. But when "a 'defendant . . . refuses to identify any other [forum state] where suit is possible, then the federal court is entitled to use Rule 4(k)(2),' so long as the exercise of federal jurisdiction satisfies [constitutional] due process standards."[41] Here, Kepuhongzaoye does not oppose suit in Utah. Given its default, it fails to offer anywhere that Bountiful Baby can bring suit. The sole remaining issue is thus whether the court's exercise of personal jurisdiction comports with constitutional due process.

Due process requires a showing that the defendant "purposefully established minimum contacts within the forum state" and that "the assertion of personal jurisdiction . . . comport[s] with traditional notions of fair play and substantial justice."[42] A due process analysis under Rule 4(k)(2) varies only in that under the federal long-arm statute, the court considers contacts between the defendant and the United States.[43]

---

[39] *CGC Holding Co., LLC v. Hutchens*, 974 F.3d 1201, 1208 (10th Cir. 2020).

[40] Fed. R. Civ. P. 4(k)(2).

[41] *CGC Holding*, 974 F.3d at 1208–09 (first and second alterations in original) (citation omitted); *see Compañía de Inversiones Mercantiles*, 970 F.3d at 1284 ("[A] defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." (citation omitted)).

[42] *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020) (citations omitted).

[43] *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1291 (Fed. Cir. 2009); *Levine v. Palestine Liberation Org.*, --- F.3d ----, No. 21-cv-03043, 2023 WL 6121196, at *3 (D. Colo. Aug. 23,

### 1.   Minimum Contacts

"Minimum contacts" may exist through general jurisdiction, where a defendant has "contacts with the [s]tate [that] are so 'continuous and systematic' that the person is essentially at home in the [s]tate[,]"[44] or through specific jurisdiction. Bountiful Baby does not argue for general jurisdiction. The court therefore inquires if it can assert jurisdiction through specific personal jurisdiction. "[A] court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state."[45] "[T]he out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and . . . that the plaintiff's injuries . . . 'arise out of' [a] defendant's forum-related activities."[46] Put differently, a defendant cannot be hauled into court "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person[.]'"[47]

Purposeful direction may be established "when an out-of-state defendant's *intentional* conduct targets and has substantial harmful effects in the forum state."[48] It is the "product of both the quantity and quality of a defendant's contacts with the forum."[49] To determine if a defendant satisfies the "purposeful direction" standard, courts routinely apply the "effects" test from *Calder v. Jones*.[50] The "test analyzes whether an out-of-state defendant's [alleged] tortious conduct satisfies three elements: '(1) an intentional action; (2) expressly aimed at the forum

---

2023), *appeal filed*, No. 23-1286 (10th Cir. Sept. 14, 2023) ("This Rule serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." (citation omitted)).

[44] *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (quoting *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017)).

[45] *Dental Dynamics*, 946 F.3d at 1228 n.2.

[46] *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 966 (10th Cir. 2022) (quoting *Dudnikov*, 514 F.3d at 1071).

[47] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted).

[48] *Old Republic*, 877 F.3d at 907.

[49] *XMission*, 955 F.3d at 840.

[50] *Jayson*, 32 F.4th at 967 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

state; and (3) . . . knowledge that the brunt of the injury would be felt in the forum state.'"[51] "[A] defendant need not be physically present in a state to have 'expressly aimed' his conduct there."[52] In the case of Rule 4(k)(2), the plaintiff must establish all three elements with the United States as the relevant forum.[53]

A plaintiff must also show that the alleged injury "arise[s] out of or relate[s] to" the defendant's contacts.[54] "The import of the 'arising out of' analysis is whether the plaintiff can establish that the claimed injury resulted from the *defendant's* forum-related activities."[55] At bottom, "ensuring the injury arises out of a defendant's forum related activities makes sure an adequate connection exists between the forum and the underlying controversy."[56]

Here, the uncontested allegations are enough to show purposeful direction. Kepuhongzaoye's actions were not random or fortuitous. Kepuhongzaoye made over a hundred U.S. sales on Amazon over a two-year period for thousands of dollars, listed several counterfeit products on a U.S.-based online retailer,[57] and sold various counterfeit sculptures to U.S. customers, including to buyers in Utah.[58] The Amazon listings show prices in U.S. dollars.[59] And as the sales indicate, U.S.-based customers could and did purchase Kepuhongzaoye products.[60]

---

[51] *Id.* (quoting *Dental Dynamics*, 946 F.3d at 1231).

[52] *Id.* at 970.

[53] *Id.* ("[P]laintiffs' failure to establish even one of the elements will doom their showing of purposeful direction.").

[54] *Burger King*, 471 U.S. at 472–73.

[55] *Compañía de Inversiones Mercantiles*, 970 F.3d at 1284 (quoting *Newsome v. Gallacher*, 722 F.3d 1257, 1271 (10th Cir. 2013)); *see XMission*, 955 F.3d at 840 ("The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum.").

[56] *Dental Dynamics*, 946 F.3d at 1229.

[57] Amazon is incorporated in Delaware with a principal place of business in Washington. *See McCarthy v. Amazon.com, Inc.*, No. 3:22-cv-0718, 2023 WL 5358356 (N.D. Cal. Feb. 17, 2023).

[58] Decl. of Brian N. Platt in Support of Mot. for Default J. & Permanent Inj. ("Platt Decl.") ¶ 3, ECF No. 36; Ex. A.

[59] *See, e.g.*, VFAC ¶ 17.

[60] *See* Platt Decl. ¶ 3 & Ex. A.

Next, Bountiful Baby's uncontested allegations support the finding that Kepuhongzaoye "expressly aimed" its tortious actions at Utah and the United States as a whole.[61] It is undisputed that Kepuhongzaoye sold products to U.S. buyers for over two years.[62] The court reasonably infers that "because [Kepuhongzaoye] was directly processing orders from and shipping orders to [the United States] for such an extended period of time, [Kepuhongzaoye] was aware of its continued availment 'of the privilege of conducting business' in [the United States.]"[63]

Last, Bountiful Baby establishes that Kepuhongzaoye knew U.S. parties would suffer injury. Kepuhongzaoye intentionally sold products that infringed a U.S.-based company's copyrighted works on a U.S.-based online marketplace.[64] Kepuhongzaoye received take-down notices alleging infringement for eleven Amazon listings.[65] In fact, Kepuhongzaoye indicated its acknowledgment of Bountiful Baby's infringement contentions when it submitted timely counter-notifications.[66] Overall, the uncontested allegations and facts show that the United States was the focal point of Kepuhongzaoye's allegedly tortious conduct.[67]

The court next addresses the "arising out of" prong. Bountiful Baby alleges Kepuhongzaoye sells and offers to sell eleven counterfeit listings on Amazon.[68] Bountiful Baby asserts that because of Kepuhongzaoye infringement, it loses up to $10,000 per day and suffers injury to its reputation and goodwill.[69] Simply put, Kepuhongzaoye's unauthorized reproductions

---

[61] *Jayson*, 32 F.4th at 968 (describing the test as whether the forum state is the "focal point" of a defendant's conduct).

[62] VFAC ¶ 10.

[63] *Edizone, LLC v. Asia Focus Int'l Grp., Inc.*, 196 F. Supp. 3d 1222, 1227 (D. Utah 2016) (quoting *Burger King*, 471 U.S. at 476).

[64] VFAC ¶ 42.

[65] *Id.* at ¶ 44 & Ex. 18.

[66] *See id.*

[67] *See Jayson*, 32 F.4th at 969.

[68] VFAC ¶¶ 17, 22, 25.

[69] Pratt Decl. ¶¶ 7, 11.

of the reborn dolls is the but-for cause of the alleged copyright infringement.[70] For these reasons, Bountiful Baby meets its burden to show that Kepuhongzaoye has sufficient minimum contacts with the United States.

### 2.   Fair Play and Substantial Justice

The court asks in prong two if exercising personal jurisdiction would "be consonant with traditional notions of fair play and substantial justice[.]"[71] "Even if the plaintiff satisfies the [minimum contacts] requirements, the defendant can defeat jurisdiction by presenting a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"[72] To that end, the court normally considers five factors: (1) the burden placed on the defendant; "(2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states [or foreign nations] in furthering fundamental social policies."[73] The court addresses each factor in turn.

### a.   Burden on Kepuhongzaoye

The first factor concerns the burden on the defendant. A foreign party may face a burden litigating in the United States. Indeed, "[g]reat care and reserve should be exercised when

---

[70] VFAC ¶ 42 (citing 17 U.S.C. §§ 106, 501).

[71] *Dudnikov*, 514 F.3d at 1071.

[72] *XMission*, 955 F.3d at 840 (quoting *Burger King*, 471 U.S. at 472); *see Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1227 (10th Cir. 2021) (""[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that . . . other considerations would render jurisdiction unreasonable.") (alteration in original) (quoting *Burger King*, 471 U.S. at 477).

[73] *Dudnikov*, 514 F.3d at 1080 (alteration in original) (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1095 (10th Cir. 1998)).

extending [the court's] notions of personal jurisdiction into the international field."[74] While the defendant's burden is "of primary concern in determining the reasonableness of personal jurisdiction[,]" it is "not dispositive[.]"[75] "[I]n certain cases, the interests of the plaintiff and the forum in exercising jurisdiction may be so strong as to 'justify even the serious burdens placed on the alien defendant.'"[76]

Here, Kepuhongzaoye may incur a burden litigating in the United States. But the Tenth Circuit instructs that "modern advances" in "transportation and communications" "may minimize the burden" on foreign defendants.[77] Kepuhongzaoye engages in an international business. As the Amazon counter-notifications demonstrate, Kepuhongzaoye has shown the ability to engage despite the distance between China and the United States. And both Bountiful Baby and the United States have strong interests in enforcing copyright law. As a result, this factor does not weigh in favor of either party.

### b. Forum States' Interests

Next, the court assesses the forum states' interests in the matter. "States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors."[78] Utah has a strong interest in this action. Bountiful Baby is a Utah resident and alleges Kepuhongzaoye willfully infringed its copyrights. For this reason, Utah has a significant interest. The second factor accordingly weighs in favor of jurisdiction.

---

[74] *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 115 (1987) (citation omitted).
[75] *OMI Holdings*, 149 F.3d at 1096.
[76] *Id.* (quoting *Asahi*, 480 U.S. at 114).
[77] *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1293 (10th Cir. 2007) (quoting *Burger King*, 471 U.S. at 474); *see Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1213 (10th Cir. 2000) ("Certainly, '[i]n this age of instant communication,' and modern transportation, the burdens of litigating in a distant forum have lessened[.]" (first alteration in original) (citations omitted)).
[78] *OMI Holdings*, 149 F.3d at 1096.

### c.   Bountiful Baby's Interests in Convenient and Effective Relief

The third factor "hinges on whether the [p]laintiff may receive convenient and effective relief in another forum."[79] "This factor 'may weigh heavily in cases where a [p]laintiff's chances of recovery will be greatly diminished by forcing him to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit.'"[80] The parties provide no information as to whether Bountiful Baby can receive effective or convenient relief in China. It is possible Bountiful Baby might receive such relief overseas, but it would certainly not be as convenient as litigating in Utah. As such, this factor favors an exercise of personal jurisdiction in Utah.

### d.   Interstate Judicial System's Interest

For the fourth factor, the court examines "whether the forum state is the most efficient place to litigate the dispute."[81] "Key to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation."[82] Bountiful Baby asserts that discovery is concentrated in Utah—where Bountiful Baby creates its works—and the United States—where Amazon conducts business.[83] Yet Bountiful Baby concedes that some discovery may exist in China where the alleged counterfeiting occurred.[84] It is further relevant that federal copyright law governs the action. This favors jurisdiction in any U.S. state. Overall, the fourth factor therefore favors an exercise of personal jurisdiction.

---

[79] *Id.* at 1097.
[80] *Compañía de Inversiones Mercantiles*, 970 F.3d at 1290 (citation omitted).
[81] *TH Agriculture*, 488 F.3d at 1296 (citation omitted).
[82] *OMI Holdings*, 149 F.3d at 1097 (citations omitted).
[83] Mot. for Default J. 9.
[84] *Id.*

### e.  Shared Interest of the Several States and Foreign Nations

The court last considers "whether the exercise of personal jurisdiction by [the forum state] affects the substantive social policy interests of other states or foreign nations."[85] As the Supreme Court counsels, "great care and reserve should be exercised when extending . . . notions of personal jurisdiction into the international field."[86] Yet "possible conflict with a foreign nation's sovereignty 'is not dispositive because, if given controlling weight, it would always prevent suit against a foreign national in a United States court.'"[87] "Relevant considerations include whether one of the parties is a citizen of a foreign nation, whether the foreign nation's law governs the dispute, and whether the foreign nation's citizen chose to conduct business with a forum resident."[88]

Here, Kepuhongzaoye is a Chinese entity.[89] Even so, Chinese law does not govern a federal copyright dispute. And Kepuhongzaoye elected to conduct business in the United States. It made numerous sales to buyers in the United States through Amazon.[90] On this record, it does not appear that exercising jurisdiction in Utah would affect Chinese policy interests or sovereignty. Consequently, the fifth factor weighs in favor of the court asserting personal jurisdiction.

Four of the five reasonableness factors weigh in favor of Bountiful Baby. The court therefore finds that an exercise of personal jurisdiction over Kepuhongzaoye would not violate traditional notions of fair play and substantial justice. In sum, the action arises under federal law,

---

[85] *TH Agriculture*, 488 F.3d at 1297 (alteration in original) (quoting *OMI Holdings*, 149 F.3d at 1097).
[86] *Asahi*, 480 U.S. at 115.
[87] *OMI Holdings*, 149 F.3d at 1097 (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984)).
[88] *Compañía de Inversiones Mercantiles*, 970 F.3d at 1292 (citation omitted).
[89] VFAC ¶ 6.
[90] *Id.* at ¶ 44; Platt Decl. ¶ 3 & Ex. A.

Kepuhongzaoye does not name any other state where an exercise of jurisdiction would be proper, and litigation in Utah satisfies constitutional due process. Accordingly, the court asserts personal jurisdiction over Kepuhongzaoye under Federal Rule of Civil Procedure 4(k)(2).

### B.   Bountiful Baby's Basis for Relief

Having confirmed subject matter jurisdiction and personal jurisdiction, the court turns to whether there is a sufficient basis in the pleadings for relief. "Default judgments are a harsh sanction."[91] "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."[92] "Once default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"[93] Here, Kepuhongzaoye has failed to appear or otherwise defend against the infringement claims.[94] Bountiful Baby is thus entitled to judgment if the complaint and record evidence support the claim and alleged damages.

---

[91] *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991).
[92] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (alteration in original) (citation omitted).
[93] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).
[94] ECF No. 20 (default certificate).

### 1.   Infringement Claim

A plaintiff must prove two elements to prevail on a copyright infringement claim: "ownership of a valid copyright, and . . . copying of constituent elements of the work that are original."[95] It is undisputed that Bountiful Baby holds valid copyrights to the nine works at issue.[96] The question is whether Bountiful Baby has sufficiently alleged that Kepuhongzaoye copied these works. A plaintiff must prove "substantial similarity between the allegedly infringing work and the elements of the copyrighted work that are legally protected."[97] This in turn requires the court to "determine (1) which elements of the copyrighted work are protectable, and (2) whether these elements are substantially similar to the accused work."[98]

"Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression."[99] But "[i]n no case does copyright protection . . . extend to any idea . . . illustrated . . . or embodied in such work."[100] Put differently, "copyright 'protection extends only to the author's original expression and not to the ideas embodied in that expression.'"[101] Here, Bountiful Baby declares that each sculpture is an original, "independent work created from a separate collection of 3D scans of a real infant."[102] It further alleges that Kepuhongzaoye unlawfully duplicated nine copyrighted sculptures.[103] As such, it remains only for the court to determine if the Kepuhongzaoye dolls are substantially similar to Bountiful Baby's reborn dolls.

---

[95] *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1099 (10th Cir. 2020) (citation omitted).
[96] VFAC ¶ 40 & Exs. 1–3, 5–10.
[97] *Craft Smith*, 969 F.3d at 1101 (citation omitted).
[98] *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1138 (10th Cir. 2016).
[99] 17 U.S.C. § 102(a).
[100] *Id.* at § 102(b).
[101] *Blehm*, 702 F.3d at 1200 (quoting *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 836 (10th Cir. 1993)).
[102] Pratt Decl. ¶ 4.
[103] VFAC ¶¶ 17, 22, 25.

Courts in this circuit often apply the "abstraction-filtration-comparison" test to "ensure [they] are comparing only those protectable elements of plaintiff's work to defendant's work."[104] "[A]lthough sound in theory, [the test] is difficult to apply in practice."[105] This test is typically used to dissect computer programs.[106] By that token, "'not every case requires [such an] extensive analysis,' and the appropriate test 'may vary depending upon the claims involved, the procedural posture of the suit, and the nature of the works at issue.'"[107] Given the nature of the alleged infringement in this case, the court adopts a simplified approach. The court will compare the allegedly counterfeit sculptures with each individual protected work.[108] If "viewing the original and copied images makes clear that [Kepuhongzaoye] ha[s] copied every single constituent element of Bountiful Baby's" sculptures, there is a basis for the claim.[109]

### a.   Joseph Asleep Head, Joseph Arms, and Joseph Legs

The first work allegedly infringed is the Joseph Asleep Head.[110] Comparing a photograph of Bountiful Baby's work[111] to Kepuhongzaoye's Amazon listings,[112] the court finds that the two sculptures are identical. The area around the eyes have the same appearance, including the eyelids and the folds under the eyes. The nose, cheeks, and chin have the same apparent size, shape, orientation, and distances between each feature. Likewise, the lips have the same shape. And the facial sculptures have the same identifying creases and indentations.

---

[104] *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1205 (10th Cir. 2014) (citing *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996)).
[105] *Country Kids*, 77 F.3d at 1285.
[106] *See Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 834 (10th Cir. 1993).
[107] *Blehm v. Jacobs*, 702 F.3d 1193, 1200 n.4 (10th Cir. 2012) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 943 n.5 (10th Cir. 2002)).
[108] *See id.* at 1200 n.5.
[109] *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-cv-00574, 2022 WL 3108232, at *3 (D. Utah Aug. 3, 2022).
[110] U.S. Copyright Reg. No. VA 2-269-514.
[111] VFAC ¶ 15.
[112] *Id.* at ¶ 17.

The court next compares the Joseph Arms[113] to Kepuhongzaoye's listings. Both sets of left arms have identical creases at the wrist, forearm, and elbow. The relative distances between the creases and the arms' overall shape are the same. And the fists are clenched in the same manner. As to the right arms, the fingers have the same orientation. In particular, the middle fingers flex above the other fingers. Identical creases also appear at the wrist and forearm.

For the Joseph Legs,[114] the court finds sufficient similarities to Kepuhongzaoye's listings. Both sets of feet have the same shape and size. The toes are together and flex inward. And the same creases appear on the sole of the left feet and on both sets of ankles. The court thus finds that Kepuhongzaoye infringed the Joseph Asleep Head, Joseph Arms, and Joseph Legs.

### b.    June Awake Head, June Arms, and June Legs

Bountiful Baby next contends Kepuhongzaoye copied the June works. The court starts with the June Awake Head.[115] Having compared Bountiful Baby's sculpture[116] to the sole Kepuhongzaoye Amazon listing,[117] the court determines the two match. The area around the eyes share the same size, shape, and orientation. The two respective sculptures have the same pouches under the eyes. The noses display the same shape and proportions. Both sets of cheeks are identical. The lips are closed and have the same shape, along with the creases on either side. And the chin contains the same distinguishing features.

---

[113] U.S. Copyright Reg. No. VA 2-269-515.
[114] U.S. Copyright Reg. No. VA 2-268-599.
[115] U.S. Copyright Reg. No. VA 2-284-757.
[116] VFAC ¶ 20.
[117] *Id.* at ¶ 22.

On the other hand, the one Amazon listing lacks sufficient detail for the court to say Kepuhongzaoye infringed the June Arms[118] or the June Legs.[119] Both the legs and the right arm on Kepuhongzaoye's listing are obscured. While much of the left arms are visible, the court cannot say that the two left arms are identical. It appears that the left index finger on the listing points in a different manner than Bountiful Baby's work. As a result, the court determines that Kepuhongzaoye infringed the June Awake Head but cannot find that Kepuhongzaoye infringed the June Arms or June Legs.

### c.    Darren Sleeping Head, Darren Arms, and Darren Legs

Finally, the court assesses whether Kepuhongzaoye infringed the Darren family of sculptures.[120] The court first compares the Darren Sleeping Head[121] to Kepuhongzaoye's Amazon listings.[122] The facial features have the same proportions and symmetry. The closed eyes appear the same. The noses on both sets of sculptures have the same shape, size, and distinguishing marks. Identical creases appear below the nose, around the eyes, and below the lips. The mouths open slightly in the same manner. Thus, the court finds infringement.

Next, the court examines whether Kepuhongzaoye infringed the Darren Arms.[123] While there are some similarities, particularly on the right arm, the left arm has clear differences. The Amazon listings show the left-hand ring and pinky fingers extended straight while the other fingers remain closed. Yet all fingers on the Bountiful Baby sculpture are closed. And the

---

[118] U.S. Copyright Reg. No. VA 2-284-759.
[119] U.S. Copyright Reg. No. VA 2-284-629.
[120] VFAC ¶ 23 (Darren Sleeping Head, Darren Arm, and Darren Legs).
[121] U.S. Copyright Reg. No. VA 2-255-282.
[122] VFAC ¶ 25.
[123] U.S. Copyright Reg. No. VA 2-281-257.

listings do not otherwise provide enough detail to make a reliable comparison of the left arms. The court cannot say the two sculptures are identical.

Having compared the Darren Legs[124] to the Kepuhongzaoye listings, the court observes enough similarities to find infringement. The toes on both feet have the same size, shape, and orientation. There are identical creases at the ankle and on the sole. Notably, the left foot is larger than the right foot on both sets of sculptures. And the legs display the same overall shape and thickness. Accordingly, the court determines that Kepuhongzaoye infringed the Darren Asleep Head and Darren Legs.

Overall, the court finds that Kepuhongzaoye infringed six copyrighted works: Joseph Asleep Head, Joseph Arms, Joseph Legs, June Awake Head, Darren Sleeping Head, and Darren Legs.

### 2.    Damages

The next question is whether the complaint supports damages. "Default judgment cannot be entered until the amount of damages has been ascertained."[125] Under the Copyright Act, a copyright owner may seek "an award of statutory damages for all infringements involved in the action, with respect to any one work" for no more than $30,000 "as the court considers just."[126] Yet the court can increase the award to $150,000 per work for willful infringement.[127] Before determining the appropriate award, the court must decide how many works Kepuhongzaoye infringed and whether Kepuhongzaoye did so willfully.

---

[124] U.S. Copyright Reg. No. VA 2-281-255.
[125] *Avus Designs, Inc. v. Grexx, LLC*, 644 F. Supp. 3d 963, 973 (D. Wyo. 2022) (citing *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020)).
[126] 17 U.S.C. § 504(c)(1).
[127] *Id.* § 504(c)(2).

### a.   Number of Works Infringed

Under 17 U.S.C. § 504(c), the court may award damages for each "work" infringed.[128] The Copyright Act defines "one work" as "all the parts of a compilation or derivative work . . . ."[129] A "'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."[130] There is a circuit split over what differentiates "one work" from a "compilation."[131] But it is not necessary here to address the circuit split. Each Bountiful Baby sculpture such as the Joseph Asleep Head or Joseph Arms is "separately copyrighted and may be distributed with other works (or by itself) depending on customer preference."[132] Bountiful Baby created each unique sculpture in a "highly complex" process involving professional photographs, 3D scans, computer model editing, and 3D printing.[133] In consequence, the sculptures have independent economic value because each creation represents independent artistic effort. Each Bountiful Baby sculpture is therefore a separate "work" for the purpose of determining a damage amount.

---

[128] 17 U.S.C. § 504(c)(1).

[129] *Id.*

[130] *Id.* § 101.

[131] *See DP Creations, LLC v. Adolly.com*, No. 2:22-cv-00230, 2023 WL 3510749, at *14 (D. Utah May 17, 2023) ("The D.C. Circuit, First Circuit, Seventh Circuit, Ninth Circuit, and Eleventh Circuit apply the Independent Economic Value test. '[T]hose courts find independent "works" where "each expression . . . has an independent economic value and is, in itself, viable."' Conversely, the Second Circuit has held that 'all parts of a compilation must be treated as one work for the purpose of calculating statutory damages' with 'no exception for a part of a compilation that has independent economic value, and the [c]ourt will not create such an exception.'" (alterations in original) (citations omitted)).

[132] Pratt Decl. ¶ 13.

[133] *Id.* at ¶ 4.

### b. Willfulness

The Copyright Act permits the court to increase the statutory maximum for damages to $150,000 upon a finding of willfulness.[134] "In the context of a copyright infringement, willfully is defined as 'with knowledge that the defendant's conduct constitutes copyright infringement.'"[135] "[T]he plaintiff must prove that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement."[136] A defendant's default and failure to defend against allegations of willful infringement may be grounds for finding willfulness.[137]

Bountiful Baby's uncontested allegations[138] and the record demonstrate that Kepuhongzaoye committed willful infringement. Bountiful Baby protects its copyrighted reborn dolls.[139] But as explained above, Kepuhongzaoye intentionally copied six Bountiful Baby sculptures.[140] Kepuhongzaoye then "placed [these] infringing products into the stream of commerce with the knowledge or understanding that such products are sold in the State of Utah" and other locations in the United States.[141] And when Kepuhongzaoye faced accusations of infringement, it submitted eleven false counter-notifications.[142] It declared that it had a "good

---

[134] 17 U.S.C. § 504(c)(2).

[135] *Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263, 1269 (W.D. Okla. 2005) (quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[B][3] (2000)).

[136] *Minden Pictures, Inc. v. Buzznick, LLC*, No. 2:22-cv-00369, 2023 WL 2243177, at *2 (D. Utah Feb. 27, 2023) (quoting *Nunes v. Rushton*, No. 2:14-cv-00627, 2018 WL 2214593, at *1 (D. Utah May 14, 2018)).

[137] *See Stokes v. Gold Prods. Inc.*, No. CIV-22-538, 2023 WL 6380009, at *2 (W.D. Okla. Sept. 29, 2023); *Shive v. J&C Baseball Clubhouse, Inc.*, No. CIV 15-0406, 2018 WL 1801278, at *1 (D.N.M. Mar. 5, 2018), *R. & R. adopted,* No. CV 15-0406, 2018 WL 1801909 (D.N.M. Apr. 12, 2018) (citing *Erickson Prods., Inc. v. Only Websites, Inc.*, 2016 WL 1337277 at *2 (S.D.N.Y. 2016)).

[138] *See* VFAC ¶ 43.

[139] *Id.* at ¶ 15.

[140] *See id.* at ¶ 41.

[141] *Id.* at ¶ 10; Platt Decl. ¶¶ 2–3 & Ex. A.

[142] VFAC ¶ 44 & Ex. 18.

faith belief" that the listings were "removed [because] of mistake or misidentification of the material to be removed or disabled."[143] That statement is demonstrably false. At bottom, Kepuhongzaoye "did not mistakenly copy Bountiful Baby's intellectual property. Rather, the evidence demonstrates that [it] misappropriated the images and sculpture design . . . with the intent to deceive customers into purchasing [its] products."[144] The court thus finds that Kepuhongzaoye willfully infringed six Bountiful Baby copyrighted works.

### c.   Statutory Damages

Bountiful Baby seeks maximum statutory damages in the amount of $150,000 per work.[145] Courts commonly consider several factors in determining statutory damages:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [copyright]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.[146]

"The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."[147]

---

[143] *Id.*

[144] *DP Creations, LLC v. Jiaheng*, No. 2:22-cv-00772, 2023 WL 7701262, at *2 (D. Utah Nov. 15, 2023) (quoting *Reborn Baby Mart*, 2022 WL 3108232, at *7).

[145] Mot. for Default J. 13.

[146] *Klein-Becker USA, LLC v. Englert*, No. 2:06-cv-00378, 2011 WL 147893, at *14 (D. Utah Jan. 18, 2011), *aff'd*, 711 F.3d 1153 (10th Cir. 2013), and *aff'd*, 711 F.3d 1153 (10th Cir. 2013) (quoting *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986)); *accord MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1218 (11th Cir.), *cert. denied*, 141 S. Ct. 2863 (2021); *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1272 (9th Cir.), *cert. denied*, 142 S. Ct. 343 (2021); *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 171–72 (2d Cir. 2020), *as amended* (Feb. 21, 2020); *Sony BMG Music Ent. v. Tenenbaum*, 660 F.3d 487, 503–04 (1st Cir. 2011); *see also Reborn Baby Mart*, 2022 WL 3108232, at *7 ("'The most common listed of factors recited' include 'the relationship between the statutory damages sought and any actual damages or profits, whether the infringement was willful or innocent, the need for deterrence, defendant's past infringement record, defendant's cooperation after the matter was brought to its attention, and the scope of the infringement.'" (quoting 6 Patry on Copyright § 22:174)).

[147] *Major Bob Music v. S. Shore Sports Bar Grill*, No. 2:08-cv-00689, 2010 WL 2653330, at *3 (D. Utah June 30, 2010) (citation omitted). Because the court finds willful infringement, permissible statutory damages range from $750 to $150,000 for each infringed work. 17 U.S.C. § 504(c)(1)–(2).

The first three factors strongly favor a damages award. Bountiful Baby has invested significant time and funds in the technology and equipment necessary to create its reborn dolls.[148] Bountiful Baby declares that it is the only company that creates reborn dolls based on 3D-scanned models of actual infants.[149] The sculptures Kepuhongzaoye copied are "among Bountiful Baby's well-known creations."[150] On that basis, Kepuhongzaoye saved significant money in product development costs.[151] Due to Kepuhongzaoye and other unauthorized sellers' infringement, Bountiful Baby estimates it loses "as much as $10,000 each day to counterfeiters."[152] The court cannot fully compare the total profits Kepuhongzaoye gained with Bountiful Baby's losses.[153] But "that is neither surprising nor dispositive since much of the data is solely within [Kepuhongzaoye's] control"[154] and Kepuhongzaoye has not participated in the action.

For the fourth factor, a maximum damages award would help deter Kepuhongzaoye and prospective counterfeiters. "[M]erely awarding plaintiffs damages equal to lost profits does not sufficiently deter infringements."[155] Put plainly, "infringers should not be free to 'sneer' in the face of the Copyright Act[;] . . . courts must put defendants on notice that it costs less to obey the

---

[148] Pratt Decl. ¶ 4.
[149] *Id.* at ¶ 6.
[150] *Id.* at ¶ 8.
[151] *Id.* at ¶ 7.
[152] Pratt Decl. ¶ 8.
[153] Kepuhongzaoye made at least some sales of counterfeit products in the United States. *See Id.* at ¶ 2.
[154] *Reborn Baby Mart*, 2022 WL 3108232, at *7.
[155] *Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1130 (D. Colo. 2008) (citing *F.W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 233 (1952) ("[A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy.")); *see Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*, 948 F.3d 261, 272 (5th Cir. 2020) ("[T]he modern Copyright Act's statutory damages regime has a significant deterrent . . . purpose.").

Copyright Act than to violate it."[156] Here, Kepuhongzaoye continued listing counterfeit goods on Amazon even after the infringement notices.[157] And this case is not the first time a court has found that an entity infringed Bountiful Baby's works.[158] A significant damages award will help deter Kepuhongzaoye and other potential infringers.

The fifth factor, willfulness, supports a maximum award for the reasons above. Next, Kepuhongzaoye has not cooperated in the litigation process. It has not answered or responded to the complaint, provided discovery, or responded to Bountiful Baby's motions.[159] The sixth factor therefore supports statutory damages. And an award's potential for discouraging Kepuhongzaoye weighs in favor of significant damages for the same reasons as an award's deterrent effect.

Together, the factors support a maximum statutory damages award. Kepuhongzaoye willfully infringed six Bountiful Baby sculptures, reaped profits, avoided design costs, and refused to cooperate in providing the court with relevant information. The court thus awards Bountiful Baby $150,000 per willfully infringed work for a total of $900,000.

## II.   Permanent Injunction

Bountiful Baby seeks to permanently enjoin Kepuhongzaoye from infringing its copyrighted reborn dolls. Pursuant to 17 U.S.C. § 501(a), the court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."[160] The

---

[156] *Malluk*, 611 F. Supp. 3d at 1140 (quoting *Girlsongs*, 625 F. Supp. 2d at 1131).
[157] *See* VFAC ¶ 44 & Ex. 18.
[158] *See* ECF No. 61, *DP Creations v. Reborn Baby World*, No. 2:21-cv-00088 (D. Utah filed Aug. 6, 2021); ECF No. 63, *DP Creations v. Reborn Baby Mart*, No. 2:21-cv-00574 (D. Utah filed Aug. 3, 2022); ECF No. 25, *DP Creations v. Nicky Lyn*, No. 2:22-cv-00200 (D. Utah filed Dec. 20, 2022); ECF No. 22, *DP Creations v. Xiaoxia*, No. 2:22-cv-00765 (D. Utah filed June 6, 2023); ECF No. 70, *DP Creations, LLC v. Adolly.com*, No. 2:22-cv-00230 (D. Utah filed Sept. 1, 2023); ECF No. 22, *DP Creations v. Li*, No. 2:22-cv-00337 (D. Utah filed Dec. 13, 2022); ECF No. 21, *DP Creations v. Chen Lin*, No. 2:22-cv-00664 (D. Utah filed Sept. 21, 2023); ECF No. 21, *DP Creations v. Jiaheng*, No. 2:22-cv-00772 (D. Utah filed Nov. 15, 2023).
[159] *See* Docket.
[160] 17 U.S.C. § 501(a).

plaintiff has the burden to prove the four traditional elements: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest."[161] "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court[.]"[162]

Given that Kepuhongzaoye willfully infringed six copyrights, Bountiful Baby satisfies the first prong. The court addresses the remaining three prongs in turn.

## A.   Irreparable Harm

To show irreparable harm, the plaintiff "must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages."[163] This element "is the single most important prerequisite for the issuance of a[n] . . . injunction."[164] Courts consider "the difficulty in calculating damages, the loss of a unique product, and existence of intangible harms such as loss of goodwill or competitive market position."[165]

Bountiful Baby asserts that the court must apply a presumption of irreparable harm because it has shown copyright ownership and substantial similarity.[166] The Tenth Circuit has not addressed whether there is a rebuttable presumption at the merits stage. But a presumption exists when a plaintiff shows a likelihood of success at the preliminary injunction stage.[167] As

---

[161] *Crandall v. City & Cnty. of Denver*, 594 F.3d 1231, 1236 (10th Cir. 2010) (citation omitted).

[162] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

[163] *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (citation omitted).

[164] *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (citation omitted).

[165] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1264 (10th Cir. 2004).

[166] Mot. for Default J. 18–19.

[167] *Country Kids*, 77 F.3d at 1288–89 ("Because the financial impact of copyright infringement is hard to measure and often involves intangible qualities such as customer goodwill, we join the overwhelming majority of our sister circuits and recognize a presumption of injury at the preliminary injunction stage once a copyright infringement plaintiff has demonstrated a likelihood of success on the merits."); *accord Nat'l Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 729 (8th Cir. 1986) ("Copyright law has long held that irreparable injury is presumed

such, the same logic applies if the plaintiff achieves success. Here, Bountiful Baby prevails against Kepuhongzaoye for copyright infringement and so Bountiful Baby merits a presumption of irreparable harm. Kepuhongzaoye has done nothing to rebut this presumption.

Additionally, Bountiful Baby alleges that the infringement caused and will cause irreparable harm in the form of lost profits and damage to its reputation and goodwill.[168] It protects the process for creating its reborn dolls with copyrights and does not license its sculptures.[169] Due to Kepuhongzaoye's unauthorized sales, the "misappropriation confuses the public, who believe that the counterfeit products are associated with Bountiful Baby."[170] Indeed, Kepuhongzaoye continues to list counterfeit products for sale on Amazon despite the take-down notices. What is more, the court cannot readily calculate Bountiful Baby's damages because of Kepuhongzaoye's default. The second prong accordingly favors entry of a permanent injunction.

### B.   Balance of Harms

The court next determines if Bountiful Baby's "threatened injury outweighs the injury [Kepuhongzaoye] will suffer under the injunction."[171] "[W]hen the case for infringement is clear, a defendant cannot avoid a[n] . . . injunction by claiming harm to a business built upon that infringement."[172] Here, Bountiful Baby will likely suffer irreparable harm absent an injunction. Balanced against this is any harm that Kepuhongzaoye may suffer should the court enjoin it from

---

when the exclusive rights of the holder are infringed."); *see Warner Bros. Ent. Inc. v. Loyd*, No. CIV 20-0062, 2023 WL 5727468, at *108 (D.N.M. Sept. 5, 2023) (citing *Country Kids*, 77 F.3d at 1288–89).

[168] Pratt Decl. ¶¶ 7, 15; VFAC ¶ 47.

[169] Pratt Decl. ¶¶ 4–6, 12, 14.

[170] *Id.* at ¶ 15.

[171] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 999 (10th Cir. 2004), *aff'd and remanded sub nom. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006) (Seymour, J., concurring in part and dissenting in part).

[172] *Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1229 (10th Cir. 2007).

selling counterfeit products. It is hard to see any possible injury to Kepuhongzaoye because the entity willfully sells infringing dolls on Amazon. "[T]here is no hardship to [Kepuhongzaoye] because a permanent injunction will merely prevent [it] from engaging in further unlawful activity."[173] The balance-of-harms prong thus weighs in favor of an injunction.

### C.    Public Interest

The fourth prong concerns whether an injunction serves the public interest. Generally, this prong "weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections."[174] An injunction preventing Kepuhongzaoye from further infringing Bountiful Baby's copyrights will not only protect Bountiful Baby but will also safeguard potential consumers. In sum, Bountiful Baby satisfies all four prongs. The court grants the motion for a permanent injunction against Kepuhongzaoye.

## III.   Attorney's Fees and Costs

Bountiful Baby seeks $17,291.50 in attorney's fees and costs in the amount of $2,544.92.[175] The court must determine whether fees are appropriate and then determine if the requested amount is reasonable.

The court may in its discretion award full costs and reasonable attorney's fees to the prevailing party in a copyright action.[176] Attorney's fees are not awarded "as a matter of

---

[173] *Reborn Baby Mart*, 2022 WL 3108232, at *8 (citing *Klein-Becker*, 2008 WL 11340043, at *3).
[174] *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011); *see Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work.") (citation omitted).
[175] Mot. for Default J. 18; Decl. of Brian N. Platt in Support of Claim for Attorney's Fees ("Platt Fee Decl.") ¶ 6, ECF No. 33.
[176] 17 U.S.C. § 505.

course."[177] While "[t]here is no precise rule or formula for [calculating fees]," the court should exercise "equitable discretion . . . 'in light of the considerations [courts] have identified.'"[178] A list of nonexclusive factors include "frivolousness, motivation, objective unreasonableness . . . , and the need in particular circumstances to advance considerations of compensation and deterrence."[179]

Here, Kepuhongzaoye willfully infringed Bountiful Baby's copyrighted sculptures. In consequence, Bountiful Baby's lawsuit is a legitimate pursuit under the Copyright Act.[180] Bountiful Baby has prevailed. Attorney's fees will thus help compensate Bountiful Baby for its lost profits and further deter Kepuhongzaoye and prospective infringers.[181] The court finds that an award of attorney's fees to Bountiful Baby is appropriate.[182]

To determine reasonable attorney's fees, the court first identifies the "lodestar amount": "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[183] "'To determine . . . a reasonable [hourly] rate' for each person who worked on the case, the district court considers the 'prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community . . . .'"[184] And "[t]o evaluate the number of hours reasonably expended on the litigation, the district court

---

[177] *Vient v. Ancestry*, No. 2:19-cv-00051, 2021 WL 2141768, at *2 (D. Utah May 26, 2021) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)).

[178] *Fogerty*, 510 U.S. at 534 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436–437 (1983)).

[179] *Id.* at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (1986)).

[180] *See* 17 U.S.C. § 501(b) (authorizing a copyright holder to bring an action against an infringer).

[181] *See Reborn Baby Mart*, 2022 WL 3108232, at *9 (citing *Tu v. TAD Sys. Tech. Inc.*, No. 08-cv-3822, 2009 WL 2905780, at *8 (E.D.N.Y. Sept. 10, 2009)).

[182] The court notes that it generally "may not award attorney's fees without holding a hearing to determine the amount." *Venable*, 721 F.2d at 300. However, the court finds that the detailed declaration of counsel with accompanying time sheets provide substantial documentary evidence from which a well-supported determination of fees may be made. *See* Platt Fee Decl. & Exs. A–C.

[183] *Valdez v. Macdonald*, 66 F.4th 796, 836 (10th Cir. 2023) (citation omitted).

[184] *Id.* (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1224–25 (10th Cir. 2006)).

considers 'whether the attorney's hours were "necessary" under the circumstances.'"[185] The court should exclude any hours that were not "reasonably expended."[186] The court may then adjust the lodestar upward or downward based on considerations such as results obtained and "the extent to which a party prevailed[.]"[187] "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge[.]"[188]

Having reviewed counsel's affidavit and supporting exhibits, the court determines that the hourly rates of $525 and $325 are reasonable.[189] Counsel declares that the amounts are commensurate with the market rate for attorneys and paralegals with similar experience.[190] And courts have recently found such rates reasonable.[191] Addressing the hours expended, the court does not find any unnecessary entries.[192] Overall, the number of hours[193] are reasonable given counsel's work product. The requested costs are likewise appropriate.[194] Finally, the court sees no reason to deviate from the lodestar figure. The court awards Bountiful Baby $17,291.50 in attorney's fees and $2,544.92 in costs.

---

[185] *Id.* (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)).

[186] *Hensley*, 461 U.S. at 434 (citation omitted).

[187] *Valdez*, 66 F.4th at 836 (citing *Hensley*, 461 U.S. at 434).

[188] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010) (quoting 42 U.S.C. § 1988); *see Fogerty*, 510 U.S. at 534 (recognizing the district court's "equitable discretion" in determining attorney's fees).

[189] Platt Fee Decl. ¶ 6.

[190] *Id.* at ¶ 9.

[191] *See* ECF Nos. 55, 60, *DP Creations v. Reborn Baby Mart*, No. 2:21-cv-00574; ECF Nos. 17, 23, *DP Creations v. Nicky Lyn*, No. 2:22-cv-00200; ECF Nos. 19, 21, *DP Creations v. Xiaoxia*, No. 2:22-cv-00765; ECF Nos. 54, 60, *DP Creations, LLC v. Adolly.com*, No. 2:22-cv-00230; ECF Nos. 17, 20, *DP Creations v. Li*, No. 2:22-cv-00337; ECF Nos. 19–20, *DP Creations v. Chen Lin*, No. 2:22-cv-00664; ECF Nos. 19–20, *DP Creations v. Jiaheng*, No. 2:22-cv-00772.

[192] *See* Platt Fee Decl. ¶ 10 & Ex. A.

[193] *See id.* at ¶ 6 (18.40 hours for attorney work and 23.90 hours for paralegal work).

[194] *See id.*

## ORDER

For the foregoing reasons, the court GRANTS Plaintiff's Motion for Default Judgment and Permanent Injunction[195]:

1. Default judgment is HEREBY ENTERED against Defendant Kepuhongzaoye in the amount of $900,000 for the willful infringement of six protected works.

2. The court PERMANENTLY ENJOINS Defendant Kepuhongzaoye from infringing Plaintiff's copyrights works pursuant to a separately filed order.

3. The court AWARDS Plaintiff $17,291.50 in attorney's fees and $2,544.92 in costs. Post-judgment interest will accrue at the legal rate.


Signed February 14, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[195] ECF No. 30.